The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| C. DEWAYNE LUCKETT,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>　　　　　　Defendant. | Nos. 2:19-cv-00170-RAJ<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT** |

This matter is before the Court on Defendant's motion for summary judgment (Dkt. # 15) and Plaintiff's cross-motion for partial summary judgment (Dkt. # 18). For the following reasons the Court **GRANTS** Defendant's motion and **DENIES** Plaintiff's motion.

# I. BACKGROUND

Plaintiff C. Dewayne Luckett ("Plaintiff" or "Mr. Luckett") is challenging Defendant State Farm Mutual Automobile Insurance Company's ("State Farm" or "Defendant") decision regarding the availability of UIM benefits under his automobile insurance policy. In 2013, Plaintiff was involved in an automobile accident with Giovanni Napoli, another State Farm insured. Plaintiff claimed injuries resulting from the accident. State Farm set up a claim under Mr. Napoli's policy for third party liability. Dkt. # 17 at ¶ 3. Plaintiff also made a claim for personal injury protection ("PIP") benefits under his own policy. State Farm paid the $10,000 PIP policy limit on Plaintiff's behalf to medical providers. Dkt. # 17 at ¶ 4. Plaintiff also filed a claim with State Farm for underinsured motorist ("UIM") coverage. Dkt. # 17 at ¶ 5.

In July 2016, Plaintiff brought suit against Mr. Napoli in King County Superior Court. Plaintiff's counsel sent State Farm a letter indicating that Plaintiff was willing to accept Mr. Napoli's $100,000 third party policy limits in connection with his lawsuit. Dkt. # 17, Ex. B. State Farm represents that it mistakenly read this as an offer of Mr. Napoli's $100,000 policy limits and treated it as such in responding to the letter on August 25, 2017. Dkt. # 17, Ex. C. Plaintiff subsequently named State Farm as a defendant in the case against Mr. Napoli. Dkt. # 17, Ex. D. Two weeks later, Plaintiff voluntarily dismissed State Farm as a defendant. Dkt. # 17, Ex. E. In connection with the suit, State Farm sent Mr. Napoli a letter indemnifying Mr. Napoli from all liability in the underlying action. Dkt. # 17, Ex. F.

Following a trial, the jury returned a verdict in favor of Plaintiff and awarded gross damages in the amount of $380,794.71. Dkt. # 19, Ex. 8. However, the jury also found Plaintiff 35% liable for his damages and reduced the net award to $247,516.56. *Id.* On October 19, 2017, judgement was entered for $251,451.90. Dkt. # 19, Ex. 10. Following entry of the judgment, Plaintiff negotiated and signed an Agreed Satisfaction

of Judgment in which he agreed to accept $250,000 in exchange for immediate payment and full satisfaction of any claims against Mr. Napoli. Dkt. # 17, Ex. I.

On October 9, 2017 Plaintiff requested that State Farm also tender $100,000 under Plaintiff's UIM policy. Dkt. # 18 at 3. Plaintiff argued he was entitled to recover under the UIM policy because the gross jury award was in excess of Mr. Napoli's $100,000 liability limits. Dkt. # 17, Ex. J. State Farm initially declined to tender the UIM limits, believing the verdict had not yet been reduced to judgment. Dkt. # 17, Ex. L. State Farm then issued a reservation of rights letter, reserving on the issue of whether the collision involved an underinsured motorist given State Farm's indemnification of Mr. Napoli. Dkt. # 17, Ex. M. The parties subsequently engaged in a series of communications in which Plaintiff demanded payment under his UIM policy and State Farm declined Plaintiff's demand. Dkt. # 17, Exs. N, O, Q, R. On May 14, 2018, Plaintiff sent State Farm an Insurance Fair Conduct Act ("IFCA") letter demanding payment under his UIM policy. Dkt. # 17, Ex. Q. State Farm responded in a twenty-page letter explaining the policy language and case law purportedly supporting its decision to deny Plaintiff's demand for payment under the UIM policy and denying any violation of the IFCA. Dkt. # 17, Ex. R.

On January 9, 2019, Plaintiff sued State Farm in King County Superior Court to recover under his UIM policy. Dkt. # 1-2. Plaintiff's complaint alleges claims for declaratory judgment, breach of contract, bad faith, breach of good faith and fair dealing, and violations of the Washington Consumer Protection Act ("CPA") and Insurance Fair Conduct Act ("IFCA"). Dkt. # 1-2. State Farm timely removed to this Court. Dkt. # 1. State Farm now moves for summary judgment. Dkt. # 15. Plaintiff cross-moves for partial summary judgment as to whether he is entitled to recover under the UIM policy. Dkt. # 18.

## II. LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material

ORDER – 3

fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322−323 (1986). If the moving party shows that there are no genuine issues of material fact, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial. *Id.* The court must view the evidence in the light most favorable to the nonmoving party. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150−51 (2000).

### III. DISCUSSION

#### A. **Breach of Contract**

Plaintiff alleges that State Farm breached its contract with him by failing to pay Plaintiff any UIM benefits under his automobile insurance policy. Dkt. # 1-2 at ¶¶ 5.1−5.6. Plaintiff's UIM policy provides, in relevant part: "We will pay compensatory damages for bodily injury an insured is legally entitled to recover from the owner or driver of an underinsured motor vehicle." Dkt. # 17, Ex. S. In calculating the amount of coverage, the UIM policy asks two questions: (1) is the insured legally entitled to recover compensatory damages from the driver of the underinsured vehicle, and (2) what is the amount of compensatory damages that the insured is legally entitled to recover? *Id.* State Farm argues that Plaintiff is not entitled to any additional payment under his UIM policy because Plaintiff has already recovered everything that he is "legally entitled" to recover from Mr. Napoli. The Court agrees.

The purpose of UIM coverage is to place the insured in the same position as if a tortfeasor carried adequate liability insurance. *Dayton v. Farmers Ins. Grp.,* 124 Wash. 2d 277, 281 (1994). Thus, a UIM insured is not entitled to be put in a better position by virtue of colliding with an uninsured or underinsured motorist than by colliding with a tortfeasor that carries adequate liability insurance. *See e.g. Safeco Ins. Co. of Illinois v. Schmid,* No. C17-5224RBL, 2018 WL 1872291, at *4 (W.D. Wash. Apr. 19, 2018) (holding plaintiff was not legally entitled to recover under UIM policy where arbitration

award exceeded policy limits but the parties agreed to limit any potential award to the policy limits); *McCloud v. Depositors Ins. Co.,* No. C06-5140JKA, 2006 WL 2290757 (W.D. Wash. Aug. 8, 2006) (holding a plaintiff was not entitled to recover under a UIM policy where the jury's verdict exceeded the court's $50,000 jurisdictional limit because plaintiff was not "legally entitled" to recover anything more). Plaintiff's recovery is limited to what he can legally recover from Mr. Napoli. *Dayton,* at 281.

Here, a jury awarded Plaintiff $247,516.56 after factoring in Plaintiff's contributory negligence and final judgement was entered for $251,451.90. After the judgment was entered, Plaintiff negotiated an "Agreed Satisfaction of Judgment" in which he "agreed to waive the obligation to pay the remainder of the October 19, 2017 judgment of $1,451.90 and accrued interest to the date of the receipt of funds … in exchange for immediate payment of $250,000 and no appeal . . . ." Dkt. # 17, Ex. I. In doing so, Plaintiff acknowledged that $250,000 is the full amount that he was legally entitled to recover from Mr. Napoli. [1]

The parties do not dispute that Plaintiff recovered the full $250,000. Instead, Plaintiff now argues that he is entitled to an additional $100,000 under the UIM policy because Mr. Napoli's policy had a $100,000 limit "at the time of the accident." Dkt. # 22 at 13. Plaintiff misunderstands the law. The Washington statute governing UIM coverage provides:

---

[1] As noted by Defendant, *Mencel v. Farmers Insurance Co*., 86 Wn.App. 480, 937 P.2d 627 (1997) is not dispositive. In that case, a jury awarded plaintiff $804,450 and plaintiff agreed to settle for $725,000 before judgment was entered. Plaintiff then sought to recover the remainder of the jury award under his UIM policy. The Washington Court of Appeals determined that the plaintiff was entitled to recover the remainder because he could have received a final judgment up to the amount of the jury verdict. In this case, however, final judgment *was* entered, and Plaintiff negotiated and agreed to satisfy the judgment for $1,451.90 less than the final judgment amount. In doing so, Plaintiff waived any legal entitlement to the remaining $1,451.90 in exchange for immediate payment and no appeal. Dkt. # 17, Ex. I.

ORDER – 5

> "Underinsured motor vehicle" means a motor vehicle with respect to the ownership, maintenance, or use of which either no bodily injury or property damage liability bond or insurance policy applies at the time of an accident, <u>or</u> with respect to which the sum of the limits of liability under all bodily injury or property damage liability bonds and insurance policies applicable to a covered person after an accident is less than the applicable damages which the covered person is legally entitled to recover.

RCW 48.22.030(1) (emphasis added). There is no dispute that at the time of the accident, Mr. Napoli was insured. Thus, the only question is whether the limits of his policy were less than the applicable damages Plaintiff was legally entitled to recover from Mr. Napoli after the accident. Here, the policy limits after the accident were not less than the damages Plaintiff was legally entitled to recover because State Farm fully indemnified Mr. Napoli from all liability relating to the accident and Plaintiff recovered the full $250,000 that he was legally entitled to under the Agreed Satisfaction of Judgment. Plaintiff's alternate interpretation is inconsistent with Washington law and would lead to an absurd result.

Likewise, Plaintiff's argument that he is somehow entitled to recover the jury's gross damages award ($380,794.71) — before it was reduced due to his contributory negligence — is equally meritless. Plaintiff's recovery under the UIM policy is limited to what he can legally recover from Mr. Napoli. In this case, a jury determined that Plaintiff was only entitled to recover $247,516.56 from Mr. Napoli after concluding that Plaintiff was partially liable for his damages. This is the upper limit that Plaintiff could recover under the UIM policy. *Allstate Ins. Co. v. Dejbod*, 818 P.2d 608, 609 (Wash. Ct. App. 1991). After Plaintiff agreed to the Agreed Satisfaction of Judgment in exchange for immediate payment and waiver of appeal, this amount reduced to $250,000.

Next, Plaintiff argues that the UIM policy violates Washington law because it gives State Farm the right to "setoff" UIM coverage under *Elovich v. Nationwide Ins. Co.,* 707 P.2d 1319 (1985). Dkt. # 22 at 16. In *Elovich*, the Washington Supreme Court held that UIM coverage should operate as a "floating layer" of coverage and that UIM

ORDER – 6

policy that operated as a "diminishing layer" of coverage was impermissible. Plaintiff's UIM policy is not a "diminishing layer" of coverage. As discussed in *Elovich*, a "diminishing layer" of UIM coverage results in the reduction of the UIM policy <u>limits</u> based on liability payments.[2] *Elovich* at 1323. State Farm is not arguing that Plaintiff's UIM policy <u>limits</u> were reduced by the Agreed Satisfaction of Judgment. Instead, State Farm's position is that Plaintiff received everything that he was legally entitled to recover from Mr. Napoli and thus under the terms of the UIM policy and relevant Washington law, Plaintiff is not entitled to any additional or duplicative recovery. This is permissible under *Elovich*. Moreover, since *Elovich*, Washington courts have held that if an UIM insured settles for less than the applicable liability policy limits, the UIM insurer is "allowed to credit the full amount of the tortfeasor's liability coverage against the insured's damages." *Hamilton v. Farmers Ins. Co. of Washington*, 733 P.2d 213, 217 (1987).

Finally, Plaintiff argues that the UIM policy language is ambiguous because it does not explicitly exclude a reduction for comparative fault. Dkt. # 22 at 18-19. The policy is not ambiguous. Plaintiff's UIM policy clearly limits recovery to "compensatory damages for bodily injury <u>an insured is legally entitled to recover</u> from the owner or driver of an underinsured motor vehicle." Dkt. # 17, Ex. S at 20 (emphasis added). In this case, a jury reduced the amount of damages that Plaintiff was legally entitled to recover from Mr. Napoli based on Plaintiff's comparative fault. Because Plaintiff's recovery under the UIM policy is inextricably linked to his recovery from Mr. Napoli, he cannot recover damages resulting from his own contributory negligence that

---

[2] Plaintiff also argues that the Washington Supreme Court's decision in *Britton v. Safeco Insurance*, 104 Wn.2d 518 (1985) renders State Farm's UIM policy unlawful. But in *Britton,* the Court held that a UIM insurer may not offset <u>statutorily granted government disability benefits</u> from UIM benefits. This is irrelevant to the issue in this case. The Washington case law is clear that UIM insurers

ORDER – 7

he was not legally entitled to recover from Mr. Napoli. The Washington Supreme Court's decision in *Sherry v. Financial Indemnity Company* does not alter this analysis. 160 Wn.2d 611 (2007). In *Sherry*, the Court held that it was inappropriate to offset Plaintiff's UIM recovery by his previous PIP payments, where the arbitrator had already offset the UIM payments due to the plaintiff's contributory fault. *Id.* at 625. That is not the issue in this case.

In sum, State Farm was not obligated to tender any additional payment under the UIM policy and Plaintiff's breach of contract claim fails as a matter of law. *Schmid* at *4 (W.D. Wash. Apr. 19, 2018).[3] Because the Court does not find that there is any uncertainty in the Washington law governing this claim, Plaintiff's request to certify this case to the Washington Supreme Court is denied.

### B. <u>Declaratory Judgment</u>

Plaintiff also requests a declaratory judgment that Plaintiff is entitled to payment of UIM benefits under his automobile policy. Dkt. # 1-2 at ¶¶ 4.1−4.5. In order for a court to grant declaratory relief, there must first be "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment." *Marin v. Lowe*, 8 F.3d 28 (9th Cir. 1993). Here, no controversy exists. As previously established, Plaintiff's claim for payment under the UIM policy fails as a matter of law. *See supra* at 4−8. As such, Defendant's motion is granted as to this cause of action.

---

[3] In connection with this motion, Plaintiff requests attorney fees under *Olympic Steamship Co. v. Centennial Ins. Co.,* 117 Wn.2d 37 (1992). Dkt. # 22 at 20. *Olympic Steamship* fee-shifting is only available where the insurer contests coverage, as opposed to the value of a claim under a policy. *Dayton v. Farmers Ins. Group*, 124 Wn.2d 277, 280 (1994). Coverage is not at issue in this case. State Farm does not dispute that Plaintiff had UIM coverage at the time of the accident. Dkt. # 27 at 6. Plaintiff's request for fees is DENIED.

### C. **Bad Faith and Breach of Implied Duty of Good Faith**

Plaintiff next argues that State Farm violated its implied and statutory duty to act in good faith. RCW 48.01.030 requires insurers to deal with their insureds in good faith. *Keller v. Allstate Ins. Co.*, 81 Wash. App. 624, 632 (1996). An insurer may violate that duty if it acts without reasonable justification. *Id.* An action for bad faith handling of an insurance claim sounds in tort, and harm is an essential element of such actions. *Safeco Ins. Co. of Am. v. Butler*, 118 Wash. 2d 383, 389 (1992). The insured bears the burden of presenting evidence an insured acted unreasonably. An insurer does not act in bad faith where there is no real dispute that an insurer had a reasonable basis for its actions. *Keller* at 1145.

Plaintiff's bad faith and breach of implied duty of good faith claims fail for two reasons. First, as discussed above, Plaintiff is not legally entitled to any additional payment under the UIM policy. *See supra* at 4−8. As such, Defendant's interpretation of the policy was not only reasonable, it was correct. *See Kirk v. Mt. Airy Ins. Co.,* 134 Wash.2d 558, 951 P.2d 1124, 1126 (1998) ("Bad faith will not be found where a denial of coverage or a failure to provide a defense is based upon a reasonable interpretation of the insurance policy.").

Additionally, Plaintiff does not articulate any genuine issue of material fact regarding Defendant's alleged bad faith handling of his claim. To the extent that Plaintiff offers the expert declaration of Deborah Senn to support his claim that State Farm handled his UIM claim in bad faith, Ms. Senn's opinion does not create a genuine issue of material fact as it appears to be based on a misunderstanding of Washington law and UIM insurance coverage. *See* Dkt. # 23. For example, Ms. Senn opines that Washington law prohibits the use of setoffs for UIM insurance and suggests that in doing so "State Farm would be elevating its interest in denying a valid claim over the interest of its insured." Dkt. # 23 at ¶ 7. This is incorrect. First, as discussed above, Washington courts have held that if an UIM insured settles for less than the applicable

ORDER – 9

liability policy limits, a UIM insurer is "allowed to credit the full amount of the tortfeasor's liability coverage against the insured's damages." *Hamilton v. Farmers Ins. Co. of Washington*, 733 P.2d 213, 217 (1987). Additionally, there is a fundamental difference between the handling of liability claims and UIM claims. A UIM insurer is not required to give the insured "equal consideration" (as is required with liability insurance) or to put the UIM insured's interests ahead of its own. *See Keller v. Allstate Ins. Co.,* 915 P.2d 1140, 1192 (Wash. Ct. App. 1996); *See also Schreib v. Am. Family Mut. Ins. Co.*, No. C14-0165JLR, 2015 WL 5175708, at *3 (W.D. Wash. Sept. 3, 2015) (internal citation omitted).

The record evidence shows that State Farm opened a UIM claim at Plaintiff's request in 2017. Dkt. # 17 at ¶ 5. After the UIM claim was made in August 2017, the claim file indicates that there was a disparity in the assessment of liability in the state action. Dkt. # 24-6. State Farm then waited to evaluate Plaintiff's claim for UIM coverage until the underlying liability action against Mr. Napoli was resolved. Prior to trial, State Farm agreed to indemnify Mr. Napoli up to the final judgment amount. Dkt. # 17, Ex. F. Following the jury verdict, State Farm responded to Plaintiff's demand for payment under the UIM policy, first indicating that it believed the verdict had not been reduced to judgment and later issuing a reservation of rights letter. Dkt. # 17, Ex. M. State Farm also timely responded to Plaintiff's IFCA notice and articulated its basis for denying coverage under the UIM policy. Dkt. # 17, Ex. R. The fact that State Farm did not promptly tender Plaintiff payment under the UIM policy that he was not legally entitled to recover is not sufficient to establish bad faith. Viewing the evidence in the light most favorable to Plaintiff, the Court finds there is no genuine issue of material fact as to these claims.

The parties dispute whether Plaintiff's these claims were the subject of the parties meet and confer regarding their motions for summary judgment. Dkt. # 22 at 6; Dkt. # 27 at 7. Plaintiff requests additional time to conduct discovery under Fed. R. Civ. P.

ORDER – 10

56(d) related to his bad faith claims. Dkt. # 22 at 10. Specifically, Plaintiff represents that additional discovery will show that State Farm knew of the validity of Plaintiff's UIM claim on the date that the jury return a verdict in his favor. The Court is unconvinced that additional discovery would be beneficial. Accordingly, Plaintiff's request for additional discovery under Rule 56(d) is denied. Defendant's motion for summary judgment is granted as to Plaintiff's bad faith and breach of implied duty of good faith claims.

### D. Insurance Fair Conduct Act ("IFCA")

Plaintiff also asserts that State Farm violated the IFCA by unreasonably denying payment of his UIM benefits. Under RCW 48.30.015 "[a]ny first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer may bring an action in the superior court of this state to recover the actual damages sustained, together with the costs of the action, including reasonable attorneys' fees and litigation costs . . . ." To establish a violation of the IFCA, Plaintiff must prove State Farm unreasonably denied coverage or payment of benefits. *Perez-Crisantos v. State Farm Fire & Casualty Co.*, 389 P.3d 476 (Wash. 2017).

Here, Plaintiff fails to show a genuine issue of material fact regarding State Farm's alleged unreasonable denial of payment of his UIM benefits. As discussed above, Plaintiff was only entitled to recover benefits for compensatory damages that he was legally entitled to recover from the underinsured motorist, in this case Mr. Napoli. A jury set that amount at $251,451.90. Plaintiff agreed to accept $250,000 in satisfaction of his judgment against Mr. Napoli. As a result, State Farm took the position that Plaintiff was not "legally entitled" to recover any additional compensatory damages from Mr. Napoli. Plaintiff offers no facts to show that State Farm's position was unreasonable. As such, Plaintiff's IFCA claim fails as a matter of law.

### E. Washington Consumer Protection Act

To prevail on a CPA claim, a plaintiff must demonstrate five distinct elements: (1) that the defendant engaged in an unfair or deceptive act or practice, (2) that the act occurred in trade or commerce, (3) that the act impacts the public interest, (4) that the plaintiff suffered injury to his or her business or property, and (5) that the injury was causally related to the unfair or deceptive act. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 793 (1986).

Plaintiff argues that State Farm engaged in an unfair or deceptive practice by denying him payment under the UIM policy. As discussed above, this argument is without merit. Plaintiff has not shown a genuine issue of material fact as to his CPA claim. Accordingly, Plaintiff's CPA claim fails as a matter of law.

### IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's motion for summary judgment (Dkt. # 15) and **DENIES** Plaintiff's cross-motion for summary judgment (Dkt. # 18).

DATED this 13th day of March, 2020.

*/s/ Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge